Geoffrey T. Stover (SB# 211715)
geoff@axslawgroup.com
AXS Law Group LA LLP
6080 Center Drive, Suite 210
Los Angeles, CA 90045
T: (310) 746-5300
F: (310) 593-2520

Mitchell G. Mandell (NYB# 2042828)
***Pro Hac Vice Application to be filed promptly***
mitchell@mandell-us.com
MANDELL LLC
211 East 43rd Street
New York, New York 10017
T: (212) 779-6133

Attorneys for Plaintiff
JOSEPH E. JEROME

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

JOSEPH E. JEROME,

Plaintiff,

v.

PARAMOUNT GLOBAL AND THE CBS COMBINED PENSION PLAN, and DOES 1 through 50, inclusive,

Defendants.

CASE NO.

**COMPLAINT FOR:**

**(1) RECOVERY OF BENEFITS UNDER 29 U.S.C. § 1132(a)(1)(B)**

**(2) BREACH OF FIDUCIARY DUTY UNDER 29 U.S.C. § 1132(a)(3)**

Plaintiff, Joseph E. Jerome ("Plaintiff"), by and through his undersigned counsel, as and for his Complaint against Defendants, Paramount Global ("Paramount") and the CBS Combined Pension Plan (the "CBS Plan") (collectively, "Defendants"), alleges as follows:

## INTRODUCTION

1. This is an action for benefits and enforcement of rights under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

2. Plaintiff seeks relief under ERISA § 502(a), 29 U.S.C. § 1132(a), for Defendants' wrongful denial of benefits due under the above-named employee benefit plan.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331 because this action arises under ERISA, a federal statute.

4. Venue is proper in this judicial district pursuant to 29 U.S.C. § 32(e)(2) because Defendants conduct business in this district and the breach by Defendants by failing to properly designate the full tenure of eligibility for Plaintiff -- a longtime resident in this district and longtime employee of Paramount in this district -- occurred in this district.

## PARTIES

5. Plaintiff, an employee of Paramount (as well as its predecessors Viacom International, Inc. and CBS Corporation) from 1994 until his termination in 2024, is a participant in the CBS Plan, an employee benefit plan governed by ERISA.

6. Defendant, Paramount, a corporation existing under the laws of the State of Delaware, conducts business throughout the United States and, together with its predecessors, Viacom and CBS, was Plaintiff's employer during all times relevant to this action and is the current sponsor and administrator of the CBS Plan.

7. Defendant, CBS Plan, as successor to the Amended and Restated Viacom Pension Plan, effective January 1, 1996 (the "Viacom Plan"), is the employee benefit plan under which Plaintiff has been denied certain retirement benefits.

8. Both Defendants are fiduciaries under ERISA pursuant to 29 U.S.C. § 1002(21)(A) and are subject to the duties and obligations imposed by ERISA.

## FACTUAL ALLEGATIONS

9. Plaintiff was a covered participant under the Viacom Plan and is now a participant in the CBS Plan through what is referred to by Paramount as the "CBS Retirement Plan Component of the CBS Combined Pension Plan."

10. The CBS Plan, like the Viacom Plan before it, provides various pension benefits for its participants, including Plaintiff.

11. Paramount has wrongfully designated Plaintiff's pension eligibility to have commenced in 1998, when, in fact, his eligibility commenced no later than 1994, thereby refusing to provide retirement benefits to Plaintiff for those four years.

12. Paramount has predicated said designation on its wrongful determination that its internal treatment of Plaintiff as a "temporary employee" in 1994 precluded the commencement of his eligibility until 1998, when he became a "full time employee."

13. Paramount's reliance on a provision in the CBS Plan excluding "temporary employees" from eligibility to avoid the full tenure of Plaintiff's pension benefits flies squarely in the face of 29 CFR §2530.200b-1(a) (colloquially known as the "1,000 Hour Rule"), which provides that a temporary employee that accumulates 1,000 hours of service in a 12 month period is eligible for the full panoply of ERISA benefits.

14. The fact that the CBS Plan refers to the 1,000 Hour Rule in the context of "Part-Time Employees" (as opposed to "Temporary Employees") does nothing

to excuse Paramount from the application of the 1,000 Hour Rule to such temporary employees.

15. Instead, worse, it suggests Paramount's wrongful intent to circumvent its obligations under ERISA simply because it labeled Plaintiff a "Temporary Employee," a practice violative of applicable law.

16. Plaintiff accumulated well in excess of 1,000 hours of service in 1994 and should, therefore, be credited with full pension benefits dating back accordingly rather than only from 1998.

17. Defendant's wrongful exclusion of benefits described above is contrary to the law, as well as arbitrary, capricious, and not supported by substantial evidence.

18. Plaintiff exhausted all administrative remedies as required under ERISA or is excused from doing so due to futility. Further, by e-mail dated February 11, 2025, Paramount's in-house counsel specifically acknowledged Paramount's inability to proceed with mediation in a timely fashion and recognized Plaintiff's right to proceed with this action.

19. Moreover, Defendants failed to provide a full and fair review of Plaintiff's claim, in violation of 29 U.S.C. § 1133.

## FIRST CLAIM FOR RELIEF

## RECOVERY OF BENEFITS UNDER 29 U.S.C. § 1132(a)(1)(B)

20. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

21. Under 29 U.S.C. § 1132(a)(1)(B), Plaintiff is entitled to recover benefits due under the CBS Plan for the years 1994 through 1998.

22. Defendant wrongfully denied Plaintiff's claim for the aforesaid benefits in violation of ERISA.

23. Defendant's decision to deny said benefits violated applicable law, was not based on substantial evidence, and was arbitrary and capricious.

24. As a result of Defendants' wrongful conduct, Plaintiff has suffered financial harm in an amount to be determined at trial.

**SECOND CLAIM FOR RELIEF**

**BREACH OF FIDUCIARY DUTY UNDER 29 U.S.C. § 1132(a)(3)**

25. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

26. Paramount, as a fiduciary under ERISA, owed Plaintiff a duty to act solely in his best interests and for the exclusive purpose of providing benefits.

27. Paramount breached its fiduciary duties by: (i) failing to act prudently and in good faith; and (ii) wrongfully denying benefits without proper review.

28. As a result, Plaintiff suffered financial harm in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully requests that this Court:

a) Award Plaintiff the requisite benefits due to him under the CBS Plan;

b) Award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and

c) Award Plaintiff such other and further relief the Court deems just and proper.

DATED: April 17, 2025 **AXS LAW GROUP LA LLP**

/s/ Geoffrey T. Sover
GEOFFREY T. STOVER
AXS LAW GROUP LA LLP
Attorneys for Plaintiff Joseph E, Jerome