Kenneth G. Ruttenberg (SB# 167377)
The Ruttenberg Law Firm, P.C.
1901 Avenue of the Stars, Suite 1020
Los Angeles, CA 90067
Telephone: (310) 979-7080
ken@ruttenbergpc.com

Erika N.D. Stanat (NYB# 2582930)
Admitted *Pro Hac Vice*
Harter Secrest & Emery LLP
1600 Bausch and Lomb Place
Rochester, NY 14604-2711
Telephone: (585) 232-6500
estanat@hselaw.com

Attorneys for Defendants
PARAMOUNT GLOBAL AND THE
CBS COMBINED PENSION PLAN

## U.S. DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH E. JEROME<br><br>        Plaintiff,<br><br>        v.<br><br>PARAMOUNT GLOBAL AND THE<br>CBS COMBINED PENSION PLAN,<br>AND DOES 1 THROUGH 50,<br>INCLUSIVE,<br><br>        Defendants. | **CASE NO. 2:25-CV-03418-CV-PVC**<br><br>**AMENDED ANSWER TO COMPLAINT FOR**<br><br>**(1) RECOVERY OF BENEFITS UNDER 29 U.S.C. § 1132(A)(1)(B)**<br>**(2) BREACH OF FIDUCIARY DUTY UNDER 29 U.S.C. § 1132(A)(3)** |

**NOTICE OF ERRATA:**  The language in the initial answer that referenced a Demand for a Jury Trial (Doc 22, 1:34-35 and 9:1-2) was included in error.  This language should be stricken as such was the product of a scrivener's error. Defendants have further amended their responses to paragraphs 8 and 9 (Doc 22, 3:18-20 and 4:2).

**ANSWER TO COMPLAINT**

## ANSWER TO COMPLAINT

Defendants, Paramount Global and the CBS Combined Pension Plan, by and through their attorneys, The Ruttenberg Law Firm, P.C. and Harter Secrest & Emery, LLP, Of Counsel, hereby respond to Plaintiff's Complaint as follows:

### INTRODUCTION

1.    As to the allegations contained in Paragraph 1 of the Complaint, Defendants admit that the Plaintiff has filed the present lawsuit seeking the relief stated therein but deny that Plaintiff is entitled to any such relief or that he suffered any losses.

2.    As to the allegations contained in Paragraph 2 of the Complaint, Defendants admit that the Plaintiff seeks the stated relief but deny that the action is meritorious and denies that Defendants have breached any fiduciary duty.

### JURISDICTION AND VENUE

3.    As to the allegations in Paragraph 3 of the Complaint, Defendants neither admit or deny them as they do not call for factual responses but instead require legal conclusions. To the extent a response is required, Defendants do not dispute that the Court has subject matter jurisdiction.

4.    As to the allegations in Paragraph 4 of the Complaint, Defendants admit that venue is proper and deny that Defendant's breached any duties and obligations.

### PARTIES

5.    As to the allegations in Paragraph 5 of the Complaint, Defendants admit Plaintiff was an employee of Paramount Global and its predecessors, Plaintiff is a participant in the CBS Retirement Plan Component of the CBS Combined Pension Plan ("CBS Plan") which is an employee benefit plan covered by ERISA, and that his employment terminated in 2024. Defendants deny knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations and characterizations contained in this paragraph.

6.    As to the allegations in Paragraph 6 of the Complaint, Defendants admits that Paramount Global was formed under the laws of the State of Delaware and

2
**ANSWER TO COMPLAINT**

conducts business throughout the United States. Defendants lack knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations and characterizations in Paragraph 6 of the Complaint.

7. Defendants deny the allegations in Paragraph 7 of the Complaint.

8. Defendants deny the allegations in Paragraph 8 of the Complaint.

## FACTUAL ALLEGATIONS

9. As to the allegations contained in paragraph 9 of the Complaint, Defendants admit that Plaintiff is a participant in the CBS Plan through what is referred to by Paramount as the "CBS Retirement Plan Component of the CBS Combined Pension Plan" and deny the remaining allegations in Paragraph 9 of the Complaint.

10. Defendants admit the allegations in Paragraph 10 of the Complaint.

11. Defendants deny the allegations in Paragraph 11 of the Complaint.

12. Defendants deny the allegations in Paragraph 12 of the Complaint.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Defendants deny the allegations in Paragraph 14 of the Complaint.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Defendants lack knowledge or information sufficient to form a belief as to the truthfulness of the allegations and characterizations in Paragraph 16 of the Complaint.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Defendants deny that Plaintiff exhausted all administrative remedies as required under ERISA, or that he is excused from doing so due to futility. To the extent Plaintiff has characterized correspondence between the parties, the correspondence speaks for itself.

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

/ / /

/ / /

/ / /

3
**ANSWER TO COMPLAINT**

## FIRST CLAIM FOR RELIEF

## RECOVERY OF BENEFITS UNDER 29 U.S.C. § 1132(A)(1)(B)

20.     As to the allegations contained in Paragraph 20 of the Complaint, Defendants re-allege their responses to Paragraphs 1 through 19 of the Complaint as if fully restated herein.

21.     As to the allegations in Paragraph 21 of the Complaint, Defendants neither admit or deny them as they do not call for factual responses but instead require legal conclusions.

22.     Defendants deny the allegations in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations in Paragraph 24 of the Complaint.

## SECOND CLAIM FOR RELIEF

## BREACH OF FIDUCIARY DUTY UNDER 29 U.S.C. § 1132(A)(3)

25.     As to the allegations contained in Paragraph 25 of the Complaint, Defendants re-allege their responses to Paragraphs 1 through 19 of the Complaint as if fully restated herein.

26.     As to the allegations in Paragraph 26 of the Complaint, Defendants neither admit or deny them as they do not call for factual responses but instead require legal conclusions.

27.     Defendants deny the allegations in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations in Paragraph 28 of the Complaint.

In response to the Wherefore clause of the Complaint, Defendants deny that judgment should be entered against it or that Plaintiff is entitled to any relief.

**Defendants deny all allegations contained in the Complaint not expressly admitted herein.**

/ / /

/ / /

/ / /

4

## ANSWER TO COMPLAINT

### DEFENSES AND AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth herein, and without assuming any burden of proof that Defendants would not otherwise bear, Defendants assert the following affirmative defenses:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claim is barred by the applicable statute of limitations period.

### THIRD DEFENSE

Plaintiff's claims are barred by his failure to exhaust administrative remedies.

### FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine(s) of waiver, laches, and/or estoppel.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any damages resulted from Plaintiff's own lack of reasonable care or diligence.

### SIXTH DEFENSE

Defendants' actions were made in good faith in accordance with the provisions of the CBS Plan.

### SEVENTH DEFENSE

Plaintiff's requests for remedies under both 29 U.S.C. § 1132(a)(1)(B) and 26 U.S.C. § 1132(a)(3) are barred as duplicative.

### EIGHTH DEFENSE

Plaintiff is not entitled to attorney's fees and costs under 29 U.S.C. § 1132(g).

### ADDITIONAL DEFENSES

Defendants have insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unstated, defenses. Accordingly, Defendants reserve the right to assert additional defenses once they have been ascertained.

**ANSWER TO COMPLAINT**

Dated: August 20, 2025                    THE RUTTENBERG LAW FIRM, P.C.

By:   *Kenneth G. Ruttenberg*
      KENNETH G. RUTTENBERG
      Attorney for Defendants Paramount Global
      and the CBS Combined Pension Plan

      OF COUNSEL
      Harter Secrest & Emery LLP
      Erika N.D. Stanat, Esq. (NYB# 2582930)
      Admitted *Pro Hac Vice*
      Attorney for Defendants Paramount
      Global and the CBS Combined Pension Plan

6

**ANSWER TO COMPLAINT**